# In the United States Court of Federal Claims

BID PROTEST

<table>
<tr><td>

NETCENTRICS CORPORATION,

                 Plaintiff,

    v.

THE UNITED STATES OF AMERICA,

                 Defendant.

</td><td>

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

</td><td>

No. 19-839C<br>(Filed: November 6, 2019)

</td></tr>
</table>

## ORDER ON SECOND MOTION TO INTERVENE

This case is currently on remand from the Court of Appeals for the Federal Circuit for the limited purpose of permitting this Court to rule on NCI Information Systems Inc.'s ("NCI") second motion to intervene. ECF No. 88. As the Court explained when it granted NCI's motion for an indicative ruling under Rule 62.1 of the Rules of the Court of Federal Claims ("RCFC"), NCI has met the standard for intervention in this bid protest as a matter of right under Rule 24(a) of the Rules of the Court of Federal Claims ("RCFC"). See ECF No. 63.

Thus, a party may intervene as a matter of right if it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." RCFC 24(a)(2). As the awardee of the contract that is the subject of this protest, NCI has a direct interest in the transaction that is the subject of this action—i.e., the agency's decision to take corrective action rescinding its previous award of the contract to the plaintiff, NetCentrics Corporation. Further, while the government has defended that decision during this litigation, its interests are not the same as NCI's and its participation does not provide NCI's interests with adequate representation.

For these reasons, NCI's second motion to intervene, ECF No. 50, is **GRANTED**..

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge